ROTGER, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record the Ownership of Part of a Rural Property.

No. 483.—Decided November 19, 1920.

RECORD OF TITLE — IDENTITY OF PROPERTIES. — The identity between a recorded property and another property sought to be recorded is not established by the identity of the boundaries alone, but may be deduced also from other facts, as in this case, in which, the appellant admitting that one of the parcels which constitute the property situated in the ward of Río of Naguabo, the ownership of which is sought to be recorded, was acquired by his vendor, Felipe Rivera, from Ramón Miranda Barrantes, who had purchased it in 1890 from the Countess de Gálvaz at a tax sale, and it appearing from the record in the registry in the name of Felipe Rivera that he acquired 70 acres of land in the same ward of Río from the said countess and in the same year at a tax sale, it is necessary to conclude that there is identity between the recorded property of 70 acres and one of the parcels which constitute the property whose ownership is sought to be recorded.

ID.—POSSESSORY TITLE—DOMINION TITLE.—The possessory title to a property
being recorded in the name of one person, the ownership thereof established
by a different person can not be recorded, although from the dominion
title proceeding it appears that the person in whose name the possessory
title was recorded was summoned in the proceeding. In order to record the
ownership title in this case it is necessary that the person in whose name
the possessory title is recorded should consent expressly to the record of
the ownership title, or that he be heard and defeated in the corresponding
action.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the Registry of Property of Humacao there is recorded
in the name of Felipe Rivera the possession of a property
of seventy acres of land in the ward of Río of the Munici-
pality of Naguabo. The land was purchased by Rivera from
Ramón Miranda Barrantes, who had purchased it at a public
auction in the year 1890 for the collection of taxes due from
the countess of Gálvez on a property of 550 acres.

Thereafter Antonio Rotger Ríos instituted a proceeding
in the District Court of Humacao to establish his dominion
title to a property of 117½ acres of land in the ward of Río
of Naguabo which he purchased from Felipe Rivera in 1905.
Rivera had acquired a part of that land by purchase from
the countess of Gálvez in the year 1895 and the remainder
by purchase from Ramón Miranda Barrantes, who had ac-
quired it in the year 1890 from the countess of Gálvez at a
forced sale of her properties for the collection of taxes.

The dominion title proceeding having been approved and
its record in the Registry of Property of Humacao applied
for, the registrar refused to record it as to the seventy acres
on the ground that the seventy acres was the same property
which appeared recorded in the name of Felipe Rivera, and
that although in the dominion title proceeding the former
owners were summoned and did not oppose the proceeding,
he did not consider that fact sufficient to justify the cancela-

tion (which would be the result of the recording of the dominion title) of the record of possession standing in the registry in the name of Felipe Rivera, inasmuch as Rivera and his wife had not expressly consented to such cancelation in an authentic document and such cancelation had not been ordered by the court, as required by the first paragraph of section 82 of the Mortgage Law.

Rotger alleges here in the appeal taken by him from that decision of the registrar that there is no identity between the property of seventy acres recorded in the name of Rivera and the property described in the dominion title judgment, because the boundaries of the two properties are entirely different, and that, admitting that the property recorded is a part of the 117½ acres involved in the dominion title proceeding, as only the possessory title is recorded in the name of Rivera, this does not prevent the recording of the dominion title when from the record of the proceeding it appears that the former owners were summoned, for it is not sought to deprive of his right a third person having the same property recorded in his name. In support of these allegations Rotger cites the decisions of this court in the cases of *Gómez, Méndez & Co.* v. *Registrar of Humacao,* 16 P. R. R. 786; *Savino Díaz* v. *Registrar of Humacao,* 26 P. R. R. 389, and *Ginorio* v. *The Registrar,* 2 S. P. R. 579.

The respondent registrar filed a brief in support of his decision.

We have not mentioned the boundaries of the property of seventy acres recorded in the name of Rivera and of the property of 117½ acres involved in the dominion title proceeding because in fact they are not the same in whole or in part, although the former is bounded on three sides by lands of the countess of Gálvez; but there is nothing strange about the difference in the boundaries of the said properties, considering the fact that since the description of the seventy acres was made in 1890 until the description is now made

of the property of 117½ acres, a period of thirty years has elapsed, a sufficient time to explain why the present boundaries are not the same as they were then.

However, the identity of the two properties is not ascertained from the boundaries alone, but may be established by other facts and circumstances, as is the case here; for the appellant having admitted that a part of the properties sought to be recorded was acquired by his grantor, Felipe Rivera, from Ramón Miranda Barrantes, who had purchased it in 1890 from the countess of Gálvez at a tax sale, and it appearing from the record in the registry in the name of Rivera that he purchased seventy acres of land from the said countess and in the same year at a tax sale, we agree with the registrar that there is identity between the recorded property and one of the parcels which form the property of 117½ acres described in the dominion title judgment. The history of that parcel shows this to be true. The first case cited by the appellant is not in point with the present case, because the identity was there shown by the boundaries. And the second case is rather adverse to him, for although there some of the boundaries were the same, the history of the property was also taken into account in establishing the identity.

As regards the second ground of the appeal, the properties being identical, as we have held, and the possession of a parcel of seventy acres being recorded in the name of Felipe Rivera, the dominion title can not be recorded, notwithstanding the fact that Rivera was summoned in the dominion title proceeding, for, as this court said in *Ginorio* v. *The Registrar, supra,* cited by the appellant, "it should not be understood from this that third persons having the same properties recorded in their names in the registry of property can be deprived of their rights unless they expressly consent thereto or have been heard and defeated in the corresponding action, as is deduced from articles 20 and 82 of

the Mortgage Law, the first of which provides that registrars shall refuse to admit to record deeds conveying or encumbering the ownership or possession of real property when such rights appear recorded in the name of a person other than the one executing the conveyance or encumbrance, and the second that records or cautionary notices made by virtue of public instruments can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, personally or by his assignees or legal representatives, signifies his consent to the cancelation." In the case of *Porto Rican Leaf Tobacco Company* v. *Registrar of Property,* 17 P. R. R. 215, it was also sought to record a dominion title judgment while the possessory title was recorded in the name of another person whose heirs were summoned in the dominion title proceeding, and we affirmed the refusal to record. That case was cited with approval in the cases of *Colón* v. *Registrar of Caguas,* 24 P. R. R. 719; *Toro* v. *Registrar of Mayagüez,* 25 P. R. R. 438, and *Santiago* v. *Registrar of Ponce,* 26 P. R. R. 125.

For the foregoing reasons the decision appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.